JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
JOSEPH M. LAKE
Senior Trial Attorney
CA State Bar No. 246679
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
Attorneys for Plaintiff, Thomas E. Perez
Secretary of Labor, United States
Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | HON. EDWARD J. DAVILA |
| Plaintiff, | Case No. 5:14-CV-03983-EJD |
| vs. | (PROPOSED) CONSENT JUDGMENT AND ORDER |
| STANFORD YELLOW TAXI CAB, INC., a corporation; AAA LEGACY LIMOUSINE, INC., a corporation; SAYED HASAN ABBAS, an individual; and NILUFER ABBAS, an individual | |
| Defendants. | |

Plaintiff Secretary of Labor and Defendants Stanford Yellow Taxi Cab, Inc.; AAA Legacy Limousine, Inc.; and Sayed Abbas have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act ("FLSA" or the "Act").

*(Proposed) Consent Judgment and Order*                                               *Page 1*

### I.       ADMISSIONS BY THE PARTIES:

A.       The Secretary has filed a Complaint alleging that Defendants Sayed Abbas and his

companies, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc., violated

provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c),

215(a)(2) and (5).

B.       Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.       Defendant waives any defenses to the Secretary's Complaint.

D.       Defendants admit that the Court has jurisdiction over the parties and subject matter of this

civil action and that venue lies in the district court for the Northern District of California.

E.       Defendants and the Secretary agree to the entry of this Consent Judgment without

contest.

F.       Defendants acknowledge that Defendants and any individual or entity acting on their

behalf or at their direction have notice of, and understand, the provisions of this Consent

Judgment.

G.       Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine,

Inc. admit that since at least September 20, 2009, both companies have been violating Sections 6

and 15(a)(2) of the FLSA by classifying drivers as independent contractors and permitting them

to be paid wages at rates less than the applicable federal minimum wage in workweeks when said

employees were engaged in commerce or in the production of goods for commerce or were

employed in an enterprise engaged in commerce or in the production of goods for commerce,

within the meaning of the FLSA.

H.       Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine,

Inc. admit that since at least September 20, 2009, both companies have been violating Sections 7

and 15(a)(2) of the FLSA by classifying drivers as independent contractors and permitting drivers and dispatchers to be paid wages at rates less than one and one half times their regular rate for work performed in excess of 40 hours in a workweek when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

I.      Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. admit that since at least September 20, 2009, both companies have been violating Sections 11(c) and 15(a)(5) of the FLSA by classifying drivers as independent contractors and failing to make, keep and preserve records of the wages, hours, and other conditions and practices of employment of the drivers as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA.

J.      Defendant Sayed Abbas admits that he is jointly and severally liable for all violations of the FLSA at Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. as he is an employer acting in the interest of both companies in relation to their employees, as defined in Section 3(d) of the FLSA.

Having considered the submissions made in connection with the proposed settlement, the representations, arguments, recommendation of counsel for the parties, and the requirements of law, the Court hereby makes the following findings of fact and conclusions of law in support of its Final Order and Judgment approving the Consent Judgment.

**II.      FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      The Secretary has filed a Complaint alleging that Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. violated provisions of Sections 6, 7, 11(c), 15(a)(2) and (5) of the FLSA.

B.      Defendants have received a copy of the Secretary's Complaint.

C.      Defendants have waived any defenses to the Secretary's Complaint.

D.      This Court has jurisdiction over the parties and subject matter of this civil action, and venue lies in the district court for the Northern District of California.

E.      Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest.

F.      Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

G.      Since at least September 20, 2009, Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. have been violating Sections 6 and 15(a)(2) of the FLSA by classifying drivers as independent contractors and permitting them to be paid wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

H.      Since at least September 20, 2009, Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. have been violating Sections 7 and 15(a)(2) of the FLSA by classifying drivers as independent contractors and permitting drivers and dispatchers to be paid wages at rates less than one and one half times their regular rate for work performed in

excess of 40 hours in a workweek when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

I.      Since at least September 20, 2009, Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. have been violating Sections 11(c) and 15(a)(5) of the FLSA by classifying drivers as independent contractors and failing to make, keep and preserve records of the drivers of the wages, hours, and other conditions and practices of employment of the drivers as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA.

J.      Defendant Sayed Abbas is jointly and severally liable for all violations of the FLSA at Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc. as an employer acting in the interest of both companies in relation to their employees, as defined in Section 3(d) of the FLSA.

**III.    JUDGMENT**

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, all Defendants, their officers, agents, servants, employees, successor companies, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.      All Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any of their employees (including drivers) who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning

of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

2.    All Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of its employees (including drivers) who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages less than one and one half times that employee's regular rate of pay for each hour worked in excess of 40 in a workweek.

3.    All Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and 215(a)(5), fail to make, keep and preserve records of their employees (including drivers) and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516.

4.    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc., jointly and severally, shall not withhold payment of $87,500.15, which constitutes unpaid minimum wage and overtime premium compensation found due for the Subject Period to those current and former employees named in Exhibit A, attached hereto and made a part hereof.

5.    IT IS FURTHER ORDERED that Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc., jointly and severally, shall pay the additional amount of $87,499.85 as and for liquidated damages found due for the Subject Period to those current and former employees named in Exhibit A, attached hereto and made a part hereof,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.      IT IS FURTHER ORDERED that Defendants shall, within thirty (30) days of the date all Defendants sign this Consent Judgment, post a copy of the Consent Judgment in a prominent location at their offices at 935 Sierra Vista Drive, Suite A, Mountain View, California, for a period of no less than one hundred and eighty (180) days from the date of posting.

7.      IT IS FURTHER ORDERED that Defendants shall, within thirty (30) days of the date all Defendants sign this Consent Judgment, post a copy of the Notice of Rights, attached as Exhibit B, in a prominent location at its offices at 935 Sierra Vista Avenue, Suite A, Mountain View, California, for a period of no less than one hundred and eighty (180) days from the date of posting.

8.      IT IS FURTHER ORDERED that only if said posters are not already posted Defendants shall, within ten (10) days of the date all Defendants sign this Consent Judgment, post U.S. Department of Labor–approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at its offices at 935 Sierra Vista Avenue, Suite A, Mountain View, California.  Copies of said posters are available for download and printing at http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

**FURTHER**, **JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants Sayed Abbas, Stanford Yellow Taxi Cab, Inc. and AAA Legacy Limousine, Inc., jointly and severally, for $87,500.15, the total amount of back wages, plus an additional amount of $87,499.85 as liquidated damages, for a total judgment amount of $175,000.00.

9.      Defendant Sayed Abbas's spouse, Nilufer Abbas, represents that she has the legal right and ability to sell the property at 3237 Falls Creek Drive, San Jose, California 95135, and that she will sell the property to pay the amount owed under this judgment.  Nilufer Abbas shall place

the property up for sale within forty-five (45) days of entry of this Consent Judgment.  Nilufer Abbas shall notify counsel for the Secretary on the date the property is put up for sale.

10.      Nilufer Abbas shall also provide counsel for the Secretary with contact information for the escrow company that she uses to sell the property at 3237 Falls Creek Drive, San Jose, California within two (2) calendar days of selecting the escrow company.  Nilufer Abbas shall provide instructions to the escrow company to provide payment of $175,000.00 to the Secretary out of the proceeds of the sale of the property.  Specifically, Nilufer Abbas shall direct the escrow company to provide payment to the Secretary through a cashier's check or money order made payable to the "Wage & Hour Div., Labor," and sent to District Director Susana Blanco, Wage and Hour Division, United States Department of Labor, 90 Seventh Street, Suite 12-100, San Francisco, California 94103.  Nilufer Abbas shall provide a copy of these instructions to counsel for the Secretary within two (2) calendar days of providing the instructions to the escrow company.

11.      Within thirty (30) calendar days of the entry of this Consent Judgment, Defendants shall deliver a schedule to containing the last known (home) address, social security number, home and cell telephone number (if known), for each person named in the attached Exhibit A.

12.      In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division.  For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

*(Proposed) Consent Judgment and Order*                                                                 *Page 8*

13.     The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies.

14.     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

15.     Should the Defendants comply with the terms of this Consent Judgment, including full repayment of the back wages and liquidated damages, the Secretary agrees to move to dismiss the action for $97,240.00 in civil money penalties that is currently pending before the

Department of Labor's Office of Administrative Law Judges. *In the matter of Stanford Yellow Cab, Inc. et al.*, 2015-FLS-00003.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

           Dated this _____ day of _____, 2016

                                       _____
                                             U.S. DISTRICT JUDGE

1    The parties to the lawsuit stipulate to entry of this Consent Judgment upon entry of the

2    terms stated herein:

3    Dated:                                                 Dated: 4/12/16

4
                                                            M. PATRICIA SMITH
5                                                           Solicitor of Labor

6    SAYED ABBAS, as an individual and as                   JANET M. HEROLD
     President of Defendants Stanford Yellow Cab,           Regional Solicitor
7    Inc.; AAA Legacy Limousine, Inc.
                                                            SUSAN SELETSKY
8    Dated:   3 · 28 2016                                   FLSA Counsel

9

10

11   NILUFER ABBAS, as an individual                        JOSEPH M. LAKE
                                                            Senior Trial Attorney
12                                                          Attorneys for Plaintiff U.S. Department of
13   Dated:   3 · 28 2016                                   Labor

14

15

16   SUSAN BISHOP
17   Berliner Cohen, LLP, solely as
     Attorneys for Defendants Stanford Yellow
18   Cab, Inc.; AAA Legacy Limousine, Inc.,

19

20

21

22

23

24

25

26

27

28

     *(Proposed) Consent Judgment and Order*                                          Page 11

**EXHIBIT A**

| Employee Name | Backwages | Liquidated Damages | TOTAL |
|---|---|---|---|
| Akbar, Raja | $2,270.76 | $2,270.76 | $4,541.42 |
| Akira, John | $1,109.80 | $1,109.80 | $2,219.60 |
| Arbouz, Abdelhalim | $1,399.26 | $1,399.26 | $2,798.52 |
| Chavez, Miguel | $11,357.49 | $11,357.48 | $22,714.97 |
| Delgado, Jose | $8,603.06 | $8,603.05 | $17,206.11 |
| Duong, Dat The | $831.93 | $831.92 | $1,663.85 |
| El Haji, Abdel Moutaleb | $1,529.30 | $1,529.29 | $3,058.59 |
| Franklin, Den | $276.46 | $276.46 | $552.92 |
| Freslassie, Antonio | $4,268.46 | $4,268.45 | $8,536.91 |
| Haimanot, Noad | $2,134.23 | $2,134.23 | $4,268.46 |
| Haruun, Nuur | $1,792.75 | $1,792.75 | $3,585.50 |
| Hochman, Adam | $2,390.34 | $2,390.33 | $4,780.67 |
| Hopgood, Anthony | $1,451.28 | $1,451.27 | $2,902.55 |
| Kalfala, Tamba | $2,046.88 | $2,046.88 | $4,093.76 |
| Khan, Munawar | $2,304.97 | $2,304.96 | $4,609.93 |
| Lopez Soria, Lorenzo | $2,219.60 | $2,219.59 | $4,439.19 |
| Majid, Abdul | $2,994.71 | $2,994.70 | $5,989.41 |
| Mohammad, Ali | $3,816.17 | $3,816.17 | $7,632.34 |
| Mohammad, Issa | $1,451.84 | $1,451.84 | $2,903.68 |
| Mohammod, Aslam | $1,109.80 | $1,109.80 | $2,219.60 |
| Montes, Jose | $1,132.98 | $1,132.98 | $2,265.96 |
| Pelayo, Anthony | $12,536.54 | $12,536.53 | $25,073.07 |
| Plankenhorn, Daniel | $1,280.54 | $1,280.53 | $2,561.07 |
| Sardar, Jaffar Ali | $2,048.86 | $2,048.86 | $4,097.72 |
| Sidhom, Cherif | $1,561.24 | $1,561.23 | $3,122.47 |
| Singh Gill, Sarbjit | $768.32 | $768.32 | $1,536.64 |
| Singh, Hardeep | $426.85 | $426.84 | $853.69 |
| Singh, Manpreet | $1,878.12 | $1,878.12 | $3,756.24 |
| Singh, Navinish | $1,109.80 | $1,109.80 | $2,219.60 |
| Singh, Nishchaya | $3,074.14 | $3,074.13 | $6,148.27 |
| Singh, Rajwinder | $768.32 | $768.32 | $1,536.64 |
| Soliman, Mahmoud | $1,487.74 | $1,487.74 | $2,975.48 |
| Tegen, Getayalew | $375.40 | $375.40 | $750.80 |
| Tokhi, Karim | $1,104.15 | $1,104.15 | $2,208.29 |
| Yousseff, Youssef | $853.69 | $853.69 | $1,707.38 |
| Zaidi, Shabbir | $1,734.30 | $1,734.30 | $3,468.60 |
| **TOTAL** | $87,500.15 | $87,499.85 | $175,000.00 |

1

2

3

**Exhibit B**

ALL DRIVERS

4

5

6

   If you are a driver for Legacy Limousine and Towncar Service, Inc.; University Yellow Cab, LLC; Stanford Yellow Taxi Cab, Inc.; AAA Legacy Limousine, Inc., at a minimum, you must be

7

   Classified as an employee, not an independent contractor

8

   Paid at least the federal minimum wage of $7.25 per hour for all hours worked

9

   Paid at time and a half for all hours worked over 40 in a workweek

10

   Paid for all hours worked, from the time you arrive at the office to the time you depart the office at the end of your shift, except for meal and rest breaks provided by your employer.

11

12

13

You are entitled to review your time and pay records to ensure that they are correct.

14

You are entitled to complain to your employer, without fear of retaliation, if you are not paid correctly or the records are not accurate.

15

16

You are entitled to complain to the Department of Labor, without fear of retaliation by your employer, if you are not paid correctly or the records are not accurate.

17

18

19

You should also know that federal law sets the minimum standards of pay and hours to which you are entitled.  You may be entitled to greater rights under state law.

20

21

22

You may make a confidential report of potential violations or learn your rights by notifying the Department of Labor, 1-866-4US-WAGE or visit www.wagehour.dol.gov

23

24

25

26

27

28

*(Proposed) Consent Judgment and Order*                                                          *Page 13*